805 So.2d 67 (2002)
John BIONDO, Appellant,
v.
Althea POWERS, Appellee.
No. 4D00-4626.
District Court of Appeal of Florida, Fourth District.
January 16, 2002.
*68 Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellant.
Steven J. Goldberg, West Palm Beach, for appellee.
STEVENSON, J.
On appeal, John Biondo contends that the trial court erred in granting Althea Powers' Motion for Summary Judgment and Motion to Dismiss and Award Attorney's Fees as to all seven counts of his third amended complaint. We find that the trial court erred in granting the motion as to Biondo's claim for replevin of personal property (count II) and his claim for bailment (count VII). As to the five other counts, we affirm.
Powers and Biondo's eight-year personal and business relationship ended in June of 1997. On July 2, 1997, Powers filed a complaint against Biondo in case number CL 97-5912 AW, seeking (1) partition sale of their home located at 224 Barton Avenue, Palm Beach, (2) the foreclosure of the mortgage, (3) collection of a promissory note in the amount of $350,000, and (4) recovery of monies lent to Biondo in the approximate amount of $84,500.00. Biondo filed an answer to the complaint, listing affirmative defenses and counterclaims. In count II of the counterclaim, Biondo claimed that Powers converted specific property belonging to him, including an autographed baseball and an autographed picture of George Burns.[1] On May 22, 1998, Powers filed an amended complaint, and in response, Biondo filed an answer to the amended complaint, which no longer alleged conversion of the autographed baseball and picture. Count II of the counterclaim now asked only for partition of property located in Palm Beach County. Final Judgment was rendered in the case, ordering partition of the property and finding that Powers was entitled to 82% of the net proceeds of the sale and Biondo to 18%.
Following the entry of final judgement in Powers' suit against Biondo, Biondo filed suit against Powers, and it is that litigation which gave rise to the instant appeal. Biondo's third amended complaint was filed on June 2, 2000. Count I was for money lent and alleged that Powers owed Biondo in excess of $17,000 for money lent on or about October 24, 1997, concerning a 1985 Mercedes Benz. Count II sought replevin of personal property, which was allegedly wrongfully detained by Powers.[2] Count III, seeking damages for fraud, alleged that on or about February 2, 1998, Powers used Biondo's credit cards and charge accounts to obtain rental vehicles and other items. Count IV alleged that Powers was unjustly enriched when she obtained credit, property and funds from *69 Biondo. Count V was for conversion and alleged that Powers and others succeeded in defrauding and converting Biondo's funds and property. Count VI alleged abuse of legal process, citing several occasions where Powers caused unlawful police reports to be filed against Biondo. Count VII was for bailment and alleged that Powers failed to take care of the Ty Cobb autographed baseball which she was entrusted to store prior to her leaving for Maine to meet Biondo at their summer home. In response, Powers filed a Motion for Summary Judgment and Motion to Dismiss and Award Attorney's Fees, arguing that Biondo's claims in this case were barred because either they were litigated in case number CL 97-5912 AW or should have been since they were compulsory counterclaims. The trial judge agreed and granted Powers' motion as to all seven counts.
Florida Rule of Civil Procedure 1.170(a) states in part:
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.
In addition, the Florida Supreme Court determined that the federal test, the logical relationship test, "is the yardstick for measuring whether a claim is compulsory." Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla.1992).
[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.
Id. (emphasis in original)(quoting Neil v. S. Fla. Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981), quoting Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970)); see also Aguilar v. Southeast Bank, N.A., 728 So.2d 744 (Fla.1999). The courts have defined "transaction or occurrence" with a "broad realistic interpretation" in order to avoid numerous lawsuits from the same facts. Turkey Creek, Inc., 609 So.2d at 19 (citations omitted). "Failure to raise a compulsory counterclaim in the first suit will result in a waiver of that claim." Id. (citing Yost v. Am. Nat'l Bank, 570 So.2d 350, 352 (Fla. 1st DCA 1990)).
Upon review of the entire transcript from the prior litigation, we affirm the trial court's conclusion that count I (money lent), count III (fraud), count IV (unjust enrichment), and count V (conversion) brought by Biondo in this action arose out of the same aggregate of operative facts as Powers' claims and, thus, meet the logical relationship test. In addition, we conclude that count VI (abuse of legal process) was properly dismissed because it cannot be said that the domestic violence proceedings brought by Powers against Biondo were raised "for an immediate purpose" other than that for which they were designed.
For the cause of action to exist, there must be a use of the process for an immediate purpose other than that for which it was designed. There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose. *70 Scozari v. Barone, 546 So.2d 750, 751 (Fla. 3d DCA 1989); see also Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla. 3d DCA 1968). Consequently, the trial judge properly granted Powers' Motion for Summary Judgment and Motion to Dismiss and Award Attorney's Fees as to those counts.
Concerning count II (replevin of personal property), in the prior litigation, after Powers' complaint was amended, Biondo abandoned his counterclaim for conversion of the autographed baseball and picture; thus, the conversion claim was not presented to the trial court. In addition, the final judgment did not mention the conversion claim for the autographed baseball and picture. Consequently, it cannot be said that Biondo's claim, in this litigation, for replevin of those items was litigated in the prior case. Furthermore, the facts under which the replevin issue arose are not the same as those presented for the claims in case number CL 97-5912 AW. As to count VII's bailment claim, it was also clear that the facts surrounding that claim did not arise from the same set of operative facts as the claims in the first litigation. Accordingly, we find that the trial court erred in granting Powers' Motion for Summary Judgment and Motion to Dismiss as to counts II and VII. Consequently, the award of attorney's fees based on Powers' offer of settlement was premature.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN, C.J., and TAYLOR, J., concur.
NOTES
[1] Count II of the counterclaim actually stated that it was an autographed picture of President Bush. At Biondo's deposition in preparation for this litigation, however, he stated that it was not an autographed picture of George Bush, but rather, an autographed picture of George Burns.
[2] The personal properties in question were a baseball autographed by Ty Cobb (reportedly worth $100,000.00), an autographed photograph of George Burns, a silver trophy cup, Indian swords, clothing, a cable TV box, furniture, sheets and bedding.