982 So.2d 1231 (2008)
LIBERTY TRANSPORTATION, LLC, a foreign limited liability corporation, Appellant,
v.
BANYAN AIR SERVICES, INC., a Florida corporation, Appellee.
No. 4D07-732.
District Court of Appeal of Florida, Fourth District.
May 28, 2008.
Rehearing Denied June 27, 2008.
Ronnie Adili and Robert Sweetapple of Sweetapple, Broeker, Varkas & Sosin, PL, Boca Raton, for appellant.
Edward R. Curtis and William T. Cotterall of Tripp Scott, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
This appeal arises out of a dispute as to how much Liberty owes Banyan for performing maintenance work on Liberty's airplane. Banyan recovered an award for damages and Liberty appeals, arguing that the trial court erred in not allowing it to amend to allege a compulsory counterclaim. We find no abuse of discretion and affirm.
Banyan sued Liberty in October of 2003 for breach of contract, damages, and for the enforcement of an equitable lien on the aircraft. Liberty refused to pay the final invoice it received from Banyan, because it was for substantially more than Liberty had allegedly authorized. Liberty filed its answer in January, 2004, and the pleadings *1232 were subsequently amended in early 2006 by both parties, with Liberty counterclaiming for replevin of its log books and raising affirmative defenses. The case was then set for trial in July 2006, but Liberty moved for a continuance because it was still conducting discovery. The court denied that motion, but did reschedule the case to start in October 2006, at the request of Liberty's counsel who had previously scheduled a vacation.
Liberty then deposed the Banyan employee who had prepared the invoice and, based on information obtained during that deposition, moved to amend its counterclaim and affirmative defenses to include a counterclaim for fraudulent lien and disparagement of title, as well as setoff. The trial court denied the motion to amend because it was too close to trial, and it is that ruling which Liberty asserts was error.
Liberty recognizes that the standard of review is abuse of discretion. Cousins Rest. Assocs. v. TGI Friday's Inc., 843 So.2d 980 (Fla. 4th DCA 2003). Liberty argues, however, that the denial of a motion to amend to add a compulsory counterclaim is somehow different than other motions to amend pleadings. Liberty argues that a different standard applies to compulsory counterclaims, citing Florida Rule of Civil Procedure, section 1.170(f), which provides:
When a pleader fails to set up a counterclaim or crossclaim through oversight, inadvertence of excusable neglect, or when justice requires, the pleader may set up a counterclaim or crossclaim by amendment with leave of the court.
Liberty argues that we should apply rule 1.190(e), which generally governs amendments to pleadings, differently where a compulsory counterclaim is involved, because the failure to raise a compulsory counterclaim will result in a waiver of the claim. Biondo v. Powers, 805 So.2d 67 (Fla. 4th DCA 2002) and cases cited.
Liberty cites no authority to support its argument that compulsory counterclaims are treated differently, for purposes of amendment, than other pleadings. If the elements of res judicata are satisfied, claims, defenses, and compulsory counterclaims are all barred in a subsequent action. Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla.1955).
Affirmed.
STEVENSON and TAYLOR, JJ., concur.