HAZOURI, J.
 

 This is the second appeal arising from a contract dispute between Appellant, Liberty Transportation, LLC, and Appellee, Banyan Air Services, Inc. This court issued a decision in the first appeal in
 
 Liberty Transportation, LLC v. Banyan Air Services, Inc.,
 
 982 So.2d 1231 (Fla. 4th DCA 2008). While that appeal was pending, the trial court imposed an equitable lien on the subject matter of the first appeal (an aircraft of Liberty’s), and awarded prejudgment interest to Banyan.
 

 In this appeal, Liberty contests the equitable lien and the award of prejudgment interest. We affirm the equitable lien because that issue is moot, but reverse the award of prejudgment interest, as the trial court was without jurisdiction to award it.
 

 The trial court rendered a final judgment in favor of Banyan, awarding Banyan $84,878.46 in damages. The trial court also reserved and retained jurisdiction to determine Banyan’s entitlement to, and the amount of, attorney’s fees, costs, and prejudgment interest. The trial court, however, did not calculate prejudgment interest. Liberty filed a notice of appeal with this court, contesting the final judgment. This led to this court’s ruling in
 
 Liberty Transportation, LLC v. Banyan Air Services, Inc.,
 
 982 So.2d 1231 (Fla. 4th DCA 2008).
 

 Later, the trial court rendered a second final judgment, awarding attorney’s fees, costs, and prejudgment interest on the damage award, which was the subject of the original final judgment. To enforce the second final judgment, as well as to enforce the original damage judgment, the trial court imposed an equitable lien on the aircraft. Liberty subsequently filed its second notice of appeal, contesting the award of prejudgment interest and the imposition of the equitable lien. In order to prevent foreclosure of the equitable lien, Liberty paid Banyan the amount of both judgments.
 

 Banyan contends that the issue of whether the equitable lien was proper is moot because Liberty has already paid the damage award. We agree.
 

 An issue is moot when the controversy has been so fully resolved that a judicial determination will have no actual effect.
 
 Godwin v. State,
 
 593 So.2d 211, 212 (Fla.1992). In this case, the validity of the equitable lien is moot because, even if the court upholds or reverses the award of the equitable lien, Liberty is still obligated to pay the damage award. In fact, to prevent foreclosure on its aircraft, Liberty has already paid the damage award. As such, a decision regarding the equitable
 
 *1140
 
 lien would have no actual effect on the parties, making the issue moot.
 

 Liberty argues that the trial court, after entering the original final judgment, did not have jurisdiction to subsequently calculate and award prejudgment interest. We agree.
 

 The Florida Supreme Court has stated that:
 

 While a judgment or order which reserves jurisdiction to award prejudgment interest technically is not a final order, if a trial court improperly renders such a judgment which appears to be, or has the attributes of a final judgment, the order will be deemed to have become a final judgment requiring review by immediate appeal. Further, because an appellate court’s jurisdiction is exclusive with respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter. Thus, the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorneys’ fees and costs.
 

 McGurn v. Scott,
 
 596 So.2d 1042, 1045 (Fla.1992) (citations omitted).
 

 As such, when a trial court reserves jurisdiction to award prejudgment interest, but fails “to perform the calculation and express the prejudgment interest,” it has committed an “error that should have been corrected by the plaintiffs timely motion for rehearing under Florida Rule of Civil Procedure 1.530(b).”
 
 Avatar Dev. Corp. v. DeAngelis,
 
 944 So.2d 1107, 1108 (Fla. 4th DCA 2006). If a plaintiff “fail[s] to move for rehearing to correct the error,” or fails to request that the appellate court “relinquish jurisdiction to permit the trial court to undertake the interest calculation,” it has “waived its right to the prejudgment interest.”
 
 Id.
 

 In this case, the trial court, in the original final judgment, reserved jurisdiction to award attorney’s fees and costs, as well as prejudgment interest. The trial court, however, failed to calculate the award of prejudgment interest. Although the judgment was technically not final, it, in accordance with
 
 McGum,
 
 was properly treated as a final judgment and appealed. Banyan, by failing to move for rehearing within ten days, and by failing to petition this court to relinquish jurisdiction to undertake interest calculation, waived its right to the prejudgment interest. As a result, the trial court lacked jurisdiction to subsequently award prejudgment interest. Banyan’s award of prejudgment interest was therefore improper, and we reverse its allocation.
 

 Lastly, Liberty attempts to raise as error the trial court’s failure to properly apply Florida Rule of Civil Procedure 1.440. We need not address this issue because it should have been raised in the first appeal.
 

 Affirmed in Part; Reversed in Part.
 

 WARNER and POLEN, JJ., concur.