[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11070
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cv-00710-RBD-DCI


SHIRLEY JOHNSON,

Plaintiff-Appellant,

versus

NEW DESTINY CHRISTIAN CENTER CHURCH, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 4, 2020)

Before BRANCH, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Shirley Johnson,[1] proceeding *pro se*, appeals the district court's order granting summary judgment against her in her suit for misrepresentation of copyright infringement and abuse of process against New Destiny Christian Center Church and Paula White.  On appeal, Johnson argues that the magistrate judge abused his discretion in compelling her deposition, deferring discovery of certain financial documents, and denying her leave to amend her complaint.  She also argues that the district court erred in granting summary judgment against her on her claims for misrepresentation of copyright infringement under 17 U.S.C. § 512(f), and abuse of process under Florida law because genuine issues of material fact existed as to whether the appellees had a subjective good faith belief that a copyright violation occurred and whether the appellees' previous copyright action against her constituted an abuse of judicial process.  We affirm.

## I.    Background

### a.  Prior Case

This case comes to the court on the heels of this Court's decision in an earlier, related lawsuit brought by Johnson—*Johnson v. New Destiny Christian Ctr. Church, Inc.*, 771 F. App'x 991 (11th Cir. 2019) (unpublished) ("*Johnson I*"). As *Johnson I* lays out the same facts underlying this case, it is unnecessary for us to address them in detail here; a brief summary of the facts and procedural history

---

[1] Johnson was identified as "Shirley Jn Johnson" before the district court.

2

suffices.  After Paul White Ministries ("PWM") voluntarily dismissed a copyright lawsuit against Johnson, Johnson filed a complaint, *pro se*, against the New Destiny Christian Center Church, PWM, and Paula White alleging malicious prosecution.[2]  *Johnson I*, 771 F. App'x at 993.  Johnson sought non-economic and nominal damages pursuant to 17 U.S.C. § 512(f) and punitive damages pursuant to Fla. Stat. § 768.73.  *Id*.  During the course of *Johnson I*, the district court had dismissed for lack of subject matter jurisdiction a claim Johnson had labeled as § 512(f).[3]  The district court awarded, and this court affirmed, economic damages for costs incurred by Johnson defending herself against the copyright action and non-economic damages for emotional distress related to the same but refused to award punitive damages.  *Johnson I,* 771 F. App'x 991.

### b.  This Case

On April 20, 2017, while the initial malicious prosecution lawsuit was being litigated, Johnson brought the instant *pro se* suit against the New Destiny Christian

---

[2] As described in *Johnson I*, the initial copyright infringement lawsuit brought by PMW against Johnson concerned Johnson's use of her YouTube channel to post videos of White's sermons at NDCC, "commenting on and critiquing them, and arguing that White misrepresents the true tenets of Christianity."  771 F. App'x at 992. Following its counsel's advice that the legal fees outweighed any benefit from the suit, PMW voluntarily dismissed it.  *Id*. at 992–93.

[3] In Johnson's Third Amended Verified Complaint for Malicious Prosecution, Johnson did not allege misrepresentation of copyright infringement under § 512(f); instead, she requested non-economic damages and nominal damages for malicious prosecution pursuant to § 512(f). The district court dismissed Johnson's § 512(f) claim for lack of subject matter jurisdiction, reasoning that Johnson failed to state a proper claim under § 512(f)—her claim was for malicious prosecution, not misrepresentation of copyright infringement—and Johnson had invoked the court's jurisdiction on diversity grounds, not federal question jurisdiction.

Center Church and Paula White (collectively, "NDCC"), claiming that they had misrepresented copyright infringement in violation of 17 U.S.C. § 512(f). Johnson also alleged that NDCC brought their original copyright action with the ulterior motive of misusing the judicial system to harass and punish her, which constituted an abuse of process.

The district court issued a Case Management and Scheduling Order directing the parties to, *inter alia*, submit any motions to amend the pleadings by August 14, 2017, and complete all discovery by October 1, 2018. Three of the magistrate judge's subsequent case management orders are relevant to this appeal:

*First*, after NDCC unsuccessfully attempted to depose Johnson, they moved for an order compelling her to submit to a deposition. The magistrate judge granted the motion, despite Johnson's opposition, and ordered her to be deposed.

*Second*, NDCC moved for a protective order to postpone their response to Johnson's discovery requests seeking their financial documents until after the court ruled on the parties' dispositive motions, claiming that such documents were unnecessary. In granting the motion, the magistrate judge relied on *Johnson I*, in which Johnson also sought discovery of NDCC's financial documents to support her punitive damages claim. In *Johnson I*, the district court found that such discovery was inappropriate as punitive damages were not warranted because NDCC had a good faith basis to support their copyright action. The magistrate

4

judge noted that the Eleventh Circuit had affirmed that ruling.  Therefore, the magistrate judge reasoned that here, similarly, disclosure of the financial documents was unnecessary until the court ruled on the parties' dispositive motions.

*Third*, on September 28, 2018—over a year after the deadline to amend pleadings—Johnson moved for leave to amend her complaint for the second time. NDCC responded that leave should not be granted because the deadline had long passed, and Johnson did not allege any good cause to extend the deadline.  The magistrate judge denied Johnson's motion and agreed with NDCC, holding that the deadline to amend her complaint expired over a year ago, and Johnson had not demonstrated the requisite good cause to allow an amendment.  To the contrary, the magistrate judge found that Johnson had full knowledge of the information she sought leave to include in the amendment and therefore she lacked diligence. Importantly, as to all the above orders, Johnson did not seek review of the magistrate rulings from the district court.

After discovery, NDCC moved for summary judgment on both the § 512(f) misrepresentation of copyright infringement claim and the abuse of process claim. NDCC alleged that the evidence showed they had a subjective good faith belief when PWM sent YouTube takedown notifications claiming that Johnson's videos infringed on their copyrighted material and this good faith belief was a defense to

5

Johnson's misrepresentation of copyright infringement claim.  NDCC also submitted three supporting affidavits—one from Bradley Knight (White's son) and two from their attorneys—contending that before they sent the takedown notices they consulted with counsel and analyzed whether Johnson's posting of the videos constituted "fair use."  Thus, NDCC's actions could not constitute an abuse of process because their takedown notices and subsequent legal action were not done maliciously.

The district court agreed with NDCC and granted their motion for summary judgment.  It first considered Johnson's misrepresentation of copyright infringement claim under § 512(f).  The district court stated that it is a complete defense to a § 512(f) claim if the party that issued the takedown notice had a subjective good faith belief that the use in question was not authorized and it found that the evidence showed that NDCC acted in good faith.  Further, it found that Johnson did not come forth with sufficient evidence to call NDCC's good faith belief into question.  Thus, Johnson failed to show NDCC made a knowing misrepresentation of copyright infringement.

The district court then addressed the abuse of process claim.  It determined that NDCC based their original copyright action on their subjective good faith belief that Johnson's videos were infringing their copyright.  And no evidence

6

supported Johnson's assertion that the original copyright action was meant to harass and intimidate her.

For these reasons, the district court therefore granted summary judgment in favor of NDCC on both claims. Johnson timely appealed (1) the magistrate judge's orders compelling her deposition, denying her motion to compel discovery, and denying her motion to amend her complaint, and (2) the grant of summary judgment in favor of NDCC.

## II.    Waiver of Right to Appeal the Magistrate Judge's Orders

Nondispositive pretrial matters may be referred to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a). A party who fails to object to a magistrate judge's order in a nondispositive matter to the district court, however, waives that issue and may not raise an objection to it on appeal to this Court. *Id.*; *Smith v. School Bd. Of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) ("We have concluded that, where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court.")).

Here, Johnson failed to object to, or seek review of, the magistrate judge's orders compelling her deposition, deferring discovery of financial documents, and

7

denying her leave to amend her complaint.[4]  Johnson therefore waived her right to appeal those orders.  *See* Fed. R. Civ. P. 72(a).

### III.    Grant of Summary Judgment

We review a district court's grant of summary judgment *de novo*, viewing all evidence and reasonable factual inferences drawn from it in the light most favorable to the nonmoving party.  *See Crawford v. Carroll*, 529 F. 3d 961, 964 (11th Cir. 2008).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, in order to survive summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (quotations omitted).  A "mere existence of a scintilla of evidence" cannot suffice to create a genuine issue of material fact.  *Id*. at 252; *see also Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 850–51 (11th Cir. 2000)

---

[4] Several circuits have concluded that an order denying a motion to amend is nondispositive for the purposes of Rule 72(a).  *See Daley v. Marriott Int'l, Inc.,* 415 F.3d 889, 893 n.9 (8th Cir. 2005); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 251 (3d Cir. 1998); *Pagano v. Frank,* 983 F.2d 343, 346 (1st Cir. 1993).  We similarly evaluate Johnson's motion to amend as nondisposititive.

("bare" and "self-serving" statements not enough to defeat summary judgment). Rather, the nonmoving party must present enough evidence to allow a jury reasonably to find in its favor. *Id.*

A. Misrepresentation of Copyright Infringement under 17 U.S.C. § 512(f)

The Digital Millennium Copyright Act ("DMCA") relieves internet service providers of liability for storing users' content if, in addition to other requirements, the provider "expeditiously" removes or disables content after receiving a takedown notification from a copyright holder that it is infringing. 17 U.S.C. § 512(c). Section 512(c)(3)(A) outlines the content that such a takedown notification must contain. § 512(c)(3)(A). Among other things, a takedown notification must include:

> (v) A statement that the complaining party has a *good faith belief* that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

and

> (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

§ 512(c)(3)(A)(v), (vi) (emphasis added). If a party "knowingly materially misrepresents" that the material or activity it complained of is infringing, it may be subject to liability for "any damages, incurred by the alleged infringer by any

9

copyright owner . . . who is injured by such misrepresentation." *Id.* § 512(f).[5]

However, a party has not infringed on a copyright if their use constituted fair use

under 17 U.S.C. § 107.[6]

---

[5] Title 17, Section 512 provides in relevant part:

(f) Misrepresentations.—Any person who knowingly materially misrepresents under this section—
(1) that material or activity is infringing, or
(2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f).

[6] Title 17, Section 107 provides:

Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

**(1)** the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
**(2)** the nature of the copyrighted work;
**(3)** the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
**(4)** the effect of the use upon the potential market for or value of the copyrighted work.

The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

17 U.S.C. § 107.

While this Court has yet to consider a misrepresentation of copyright infringement claim under § 512(f), one of the few circuits to analyze such a claim has held that the takedown notice requirements contained in § 512(c)(3)(A)(v) require copyright holders, before issuing the takedown notice, to consider whether the potentially infringing material is a fair use. *See Lenz v. Universal Music Corp*, 815 F.3d 1145, 1151–1154 (9th Cir. 2016). And failure to consider fair use before issuing a takedown notice constitutes a misrepresentation of copyright infringement under § 512(f). *Id.* It also held that a copyright holder's subjective good faith belief that the use in question was unauthorized and was not fair use is a complete defense to a § 512(f) misrepresentation claim. *See* 815 F.3d at 1154 ("If, however, a copyright holder forms a subjective *good faith* belief the allegedly infringing material does not constitute fair use, we are in no position to dispute the copyright holder's belief even if we would have reached the opposite conclusion"). *Johnson I* is also instructive.[7] In *Johnson I*, this court found that "[t]he record supports Defendants' contention, credited by the district court, that they relied on counsel to investigate whether there was a reasonable, good-faith basis to sue

---

[7] Under the law-of-the-case doctrine, this Court's prior decisions bars relitigation of issues that were decided either explicitly or by necessary implication in the same case. *See This That And The Other Gift And Tobacco, Inc. v. Cobb Cty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006) ("[T]he law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication.."). Here, although this appeal is technically based on a different complaint than *Johnson I*, the underlying facts, allegations, and parties are the same. As such, our decision in *Johnson I* necessarily implicates the appeal here.

11

Johnson for copyright infringement." *Johnson I,* 771 F. App'x at 995.  Whether

NDCC misrepresented copyright infringement under § 512(f) thus turns on

whether NDCC had a reasonable good faith belief that Johnson was infringing on

their copyright when they sent the takedown notices.

In this case, NDCC's counsel submitted affidavits testifying that they

conducted pre-filing investigations on whether Johnson's posts infringed or if they

constituted fair use.  The first counsel, Thomas Sadaka, investigated and ultimately

determined that "Johnson's YouTube videos and website videos [] infring[ed]

Paula White Ministries' copyrights" and "there was a good faith basis to bring a

lawsuit to protect [PMW's] copyrights."  A second, different counsel, Vanessa

Braeley, stated that "[h]aving concluded that Ms. Johnson's use was infringing and

was not a fair use, I submitted a Takedown Notice to YouTube on behalf of

PMW."  Thus, NDCC, by relying on their counsels' investigations and opinions,

had a reasonable good faith belief that Johnson's videos were infringing and did

not constitute fair use prior to filing the takedown notices.  *See Lenz*, 815 F.3d at

1154.

Johnson's evidence does not persuade us otherwise.  For example, in her

deposition she stated that she knew NDCC did not consider fair use because if they

did, they would not have filed the takedown notifications.[8]  This proffered

---

[8] Among the reasons Jonson gave why NDCC did not consider fair use:

12

evidence is a bare and speculative statement, not evidence.  She failed to provide

any evidence that rises above a "mere existence of a scintilla of evidence" that

NDCC did not consider the fair use doctrine and that they did not have good faith

when they submitted the takedown notices and so are liable under § 512(f) for

misrepresenting a copyright claim.  *Anderson*, 477 U.S. at 252.  Therefore, the

district court did not err in granting summary judgment against Johnson on her §

512(f) misrepresentation claim.

### B.  Abuse of Process

"Under Florida law, which governs this claim, '[a]buse of process involves

the use of criminal or civil legal process against another primarily to accomplish a

purpose for which it was not designed.'"  *In re Fundamental Long Term Care,*

*Inc.*, 873 F.3d 1325, 1345–46 (11th Cir. 2017) (quoting *Bothmann v. Harrington*,

---

Question. "How do you know she failed to consider fair use?"
Answer. "Well, I – because she filed a copyright infringement –  well, as I stated, either she failed to [consider fair use] or she turned a blind eye."

Question. "What facts do you have to support your claim that [NDCC's attorney], in regard to the takedown notice in March of 2015, failed to consider the fair use doctrine?" Answer. "Because the videos were not infringing. I – I was keeping with U.S. Statute 17, 107. Now, I'm not saying I don't – that's what I'm saying; I don't know. It's either, or it could be a combination of the two because if she considered the fair use, she might not – should not have, anyway, filed a copyright infringement."

Question. "Well . . . there could be another option, couldn't there, Ms. Johnson? She could have considered the fair use doctrine and come to the conclusion that your use was not fair use. Isn't that an alternative as well?"
Answer. "Yes. But if she came to that conclusion, then I'd have to say that she doesn't know much about copyright infringement then…"

458 So.2d 1163, 1169 (Fla. 3d DCA 1984)).  There are three elements for an abuse

of process claim:

> (1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the plaintiff suffered damage.

*S & I Invs. v. Payless Flea Mkt., Inc.*, 36 So. 3d 909, 917 (Fla. 4th DCA 2010).  A

process is not abused unless it "is used to accomplish an immediate purpose other

than that for which it was designed." *Fundamental Long Term Care*, 873 F.3d at

1346.  Thus, "[w]here the process was used to accomplish the result for which it

was intended, 'regardless of an incidental or concurrent motive of spite or ulterior

purpose,' there is no abuse of process." *S & I Invs.*, 36 So. 3d at 917 (citing

*Biondo v. Powers*, 805 So.2d 67, 69 (Fla. 4th DCA 2002)).

Here, as found in *Johnson I*, "the record supports Defendants' contention,

credited by the district court, that they relied on counsel to investigate whether there

was a reasonable, good-faith basis to sue Johnson for copyright infringement."

*Johnson I*, 771 F. App'x at 995.  Further, "[t]he record . . . also demonstrate[s] that

the court did not clearly err in concluding that NDCC's primary motive for the

infringement suit was to protect their copyright." *Johnson*, 771 F. App'x at 995

(11th Cir. 2019).  Johnson failed to create a genuine issue of material fact and did

not present any evidence as to whether the prior copyright action against her was

14

used to accomplish an immediate purpose other than to protect intellectual property rights.  Accordingly, the district court did not err in granting summary judgment against Johnson on her abuse of process claim.

**AFFIRMED.**