DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ECLECTIC SYNERGY, LLC,**
Appellant,

v.

**MONA SEREDIN** and **THE ESTATE OF ALEXANDER SEREDIN,**
Appellees.

No. 4D2026-0781

[May 27, 2026]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Reid Parker Scott II, Judge; L.T. Case No. 502014CA013268XXXXMB.

John Joseph O'Hara of The O'Hara Law Group, P.A., Boca Raton, for appellant.

No appearance for appellees.

PER CURIAM.

Eclectic Synergy, LLC, filed a certiorari petition and emergency motion for stay seeking review of the denial of a motion to disqualify opposing counsel. The trial court's two-page explanatory order found no fraud upon the court that would merit disqualification of counsel. The certiorari petition argues a meritless claim that the court's order failed to contain sufficient findings to permit review.

The trial court correctly determined that the extraordinary remedy of disqualifying counsel is not warranted. *See Applied Digital Sols., Inc. v. Vasa*, 941 So. 2d 404, 407 (Fla. 4th DCA 2006) (explaining that motions for disqualification are "viewed with skepticism because disqualification of counsel impinges on a party's right to employ a lawyer of choice, and such motions are often interposed for tactical purposes"). No further findings were required.

By order, we redesignated the case as a nonfinal appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(E), treated the petition as the initial brief, and now summarily affirm because no preliminary basis for reversal

is shown.  Fla. R. App. P. 9.315(a).  We denied the "emergency" motion for stay,[1] and issued an order requiring counsel to show cause why sanctions should not be imposed because the petition appears AI-generated and raises frivolous arguments, misstates the law, and cites non-existent caselaw.  Fla. R. App. P. 9.410(a).

As an example, we quoted page 5 of the petition, which argues:

> Florida appellate courts have recognized that certiorari relief is appropriate where an order lacks sufficient findings to permit meaningful review.  *See Citigroup Global Mkts., Inc. v. Masek*, 982 So. 2d 1231 (Fla. 4th DCA 2008).

No such case exists in Florida.  The citation links to *Liberty Transportation, LLC v. Banyan Air Services, Inc.*, 982 So. 2d 1231 (Fla. 4th DCA 2008), which does not support this argument and is irrelevant to this proceeding.

Additionally, we noted that the petition cites generally to several other cases for legal propositions that the cited cases do not actually represent.[2] The petition also cites inapplicable second-tier certiorari cases.

---

[1] The allegation of an "emergency" was frivolous.  Pursuant to this Court's Administrative Order 2014-1, "an 'emergency' is a matter of extreme urgency that requires immediate action by this Court in order to avoid imminent, irreparable, and material harm."  There is clearly no imminent irreparable harm in this case. A true emergency requiring "immediate" action by this Court means action is needed within a matter of hours, not an event that is days or weeks away.  Filing an emergency request merely because counsel desires to have a matter expedited is an abuse of procedure.  *USAA Cas. Ins. Co. v. Pembroke Pines MRI, Inc.*, 24 So. 3d 588, 589 (Fla. 4th DCA 2009) ("Pleadings filed as emergencies disrupt court procedures and interrupt work on cases that were already pending.").  The proper course is to file a motion to expedite.

[2] For example, pages 5 and 6 of the petition contain the following false arguments:

> While disqualification is an extraordinary remedy, *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So. 2d 630 (Fla. 1991), the obligation to evaluate record-based evidence is not discretionary.
>
> . . . .
>
> Similarly, orders must reflect consideration of the evidence presented.  *See Gonzalez v. State*, 15 So. 3d 37 (Fla. 4th DCA 2009).
>
> . . . .

2

Counsel has responded to our order to show cause and argues that he was not trying to intentionally mislead this Court and that his citation was referring to an Ohio appellate court decision. He does not acknowledge using AI and alleges that he relied on a paralegal for legal research. The false citation was allegedly a "transcription error" and "clerical mistake." The response states:

> During multi-jurisdictional research (to find exact match not found in Florida), the Ohio decision was inadvertently assigned the Florida Fourth District Court of Appeal – thereby making the citation a clear transcription error during final compilation.

The response argues that "the citation error was an inadvertent mismatch of a real decision, not a fabrication."

The Ohio decision that counsel alleges he was trying to cite has been overruled. *Citigroup Glob. Markets, Inc. v. Masek*, No. 2006-T-0052, 2007 WL 1395360 (Ohio Ct. App. May 11, 2007), *overruled by Portage Cnty. Bd. of Developmental Disabilities v. Portage Cnty. Educators' Ass'n for Developmental Disabilities*, 86 N.E.3d 580, 583 (Ohio Ct. App. 2017). Our own cite-checking, not counsel, brings this to our attention.

The *Masek* case affirmed a trial court's confirmation of an arbitration award and is wholly irrelevant to this proceeding and the underlying litigation. Counsel's explanation that the false citation was a mere "transcription" or "clerical" error is not credible and demonstrates further lack of candor to this tribunal. R. Regulating Fla. Bar. 4-3.3(a)(1).

In any event, whether counsel used AI makes no difference to the need for sanctions. The *Masek* case does not exist in Florida and clearly does not stand for the proposition cited in the petition.

---

> Certiorari is appropriate where the proceedings themselves are compromised. *SCI Funeral Servs. of Fla., Inc. v. Light*, 811 So. 2d 796 (Fla. 4th DCA 2002).

No pinpoint citations are provided. These types of misleading arguments cause reviewing courts and opposing parties to waste time reading through cases trying to discern whether there is any support for the stated proposition. In this way, this misconduct may be even more harmful than an easily identifiable citation to a non-existent case.

As we observed in our order to show cause, the petition misrepresents the holdings of several other cases. Such misleading arguments are just as egregious as citations to non-existent cases. *Clerk of Court & Comptroller for 13th Jud. Cir., Hillsborough Cnty. v. Rangel,* 427 So. 3d 1069, 1071 (Fla. 2d DCA 2025) (sanctioning counsel for filing a brief that, among other things, "misstated court holdings").

An attorney is subject to sanctions for filings that contain fictitious authority or "cite actual cases for inaccurate legal propositions." *Hessert v. Hessert,* 51 Fla. L. Weekly D520 (Fla. 6th DCA Mar. 20, 2026). Counsel is responsible for the accuracy of his filings and cannot cast the blame on a paralegal. *Rangel,* 427 So. 3d at 1072. Nor is it any "excuse that the attorney did not intend to mislead the court." *Russell v. Mells,* 426 So. 3d 913, 920 (Fla. 2d DCA 2025). Contrary to the response, counsel's alleged lack of "bad faith" is irrelevant. *Id.*

"The submission of fictitious or fabricated case law—whether the product of carelessness, misunderstanding, or reliance on generative artificial-intelligence tools—is sanctionable." *Francois v. Vive Fin., LLC,* 51 Fla. L. Weekly D500 (Fla. 4th DCA Mar. 18, 2026); *see also Goya v. Hayashida,* 418 So. 3d 652, 656 (Fla. 4th DCA 2025); *Gutierrez v. Gutierrez,* 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024). This includes citations to cases that do not stand for what is argued.

Counsel's response attempts to excuse his misconduct by pointing to a "Notice of Supplemental Authority and Supplemental Facts" that he filed prior to our order to show cause. He argues that the Notice cited "three verified decisions" from this Court for the legal proposition advanced in the petition. He suggests this Court erred by summarily affirming without considering these additional authorities.

The Notice shows further misconduct. First, the seven-page Notice contains abundant additional argument, which is not allowed. Fla. R. App. P. 9.225. Additionally, the supplemental authorities cited were not newly-issued decisions. The filing was an abuse of process. *Davi Nails Salon & Spa, L.L.C. v. Do,* 346 So. 3d 1288, 1289 (Fla. 2d DCA 2022) (admonishing that a notice of supplemental authority is for newly-issued decisions only—not to add additional pre-existing cases or argument); *Houston v. Wrentmore,* 362 So. 3d 252, 254 (Fla. 5th DCA 2023) (condemning the same practice). Counsel's Notice tried to add more argument to the brief, which is clearly improper. *Cleveland v. State,* 887 So. 2d 362, 364 (Fla. 5th DCA 2004) (noting that the state was "attempting to file an additional brief").

4

Even more troubling, the Notice contains more misleading arguments. For example, it contends:

> In *Bistline v. Rogers*, 215 So. 3d 607 (Fla. 4th DCA 2017), this Court granted certiorari where the trial court failed to evaluate the evidentiary showing:
>
>> "The procedural protection... requires more than mere allegations... [and] does not contemplate the trial court simply accepting the allegations... as true."
>
> The Court further emphasized that the trial court must determine whether a reasonable evidentiary basis exists based on the actual record.

(emphasis omitted). The Notice argues that the court's failure to address his evidence "constitutes a departure from the essential requirements of law under *Bistline*." (emphasis omitted). However, *Bistline* concerned the statutory requirements for pleading a claim for punitive damages and has nothing to do with this case. Contrary to counsel's response, his Notice does not contain any "verified decisions" from this Court supporting the false arguments in the petition.

The Notice provides further argument that certiorari review is appropriate, which is plainly incorrect. An order denying a motion to disqualify counsel is appealable under rule 9.130(a)(3)(E). The availability of this appellate remedy precludes extraordinary writ relief. Counsel's filing of a discretionary writ petition, where the order is appealable as a matter of right, shows a further breach of the duty of competence. R. Regulating Fla. Bar. 4-1.1.

For these reasons, we refer this matter to the Florida Bar for appropriate action. *See Russell*, 426 So. 3d at 920 ("When a lawyer cites imaginary legal authorities to our court as if they were law, we are compelled to refer that lawyer to the Bar because of the professional rules of conduct."); Fla. Code of Jud. Conduct, Canon 3D(2) ("A judge who receives information or has actual knowledge that substantial likelihood exists that a lawyer has committed a violation of the Rules Regulating The Florida Bar shall take appropriate action."); R. Regulating Fla. Bar 3-7.18(a)(2) (governing judicial referral of a matter to The Florida Bar).

*Affirmed; counsel sanctioned with referral to The Florida Bar.*

LEVINE, SHAW and LOTT, JJ., concur.

*     *     *

*Not final until disposition of timely-filed motion for rehearing.*